UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANGELA E. BROOKS-NGWENYA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-00193-PPS-SLC |
| | ) |
| BART PETERSON'S THE MIND TRUST, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court are several documents (DE 54; DE 60; DE 61; DE 73; DE 75) filed by pro se Plaintiff Angela Brooks-Ngwenya, and a motion to strike (DE 70) filed by Defendant Bart Peterson's Mind Trust ("Mind Trust"). The Court will discuss each of these in turn.

In its motion to strike, Mind Trust asks that the Court strike Sections I, IV, V, VI, and VII of two identical documents filed by Brooks-Ngwenya on November 30, 2016, entitled "Leave to Supplement Complaint for Damages and Simu[l]taneously Oppose Defendant's Motion to Dismiss" (DE 60; DE 61). In doing so, Mind Trust points out that Brooks-Ngwenya appears to be attempting to amend her complaint in her response brief to its motion for judgment on the pleadings (DE 49). As Mind Trust correctly points out, it is an "axiomatic rule that a plaintiff may not amend [her] complaint in [her] response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (citation omitted). Nevertheless, Mind Trust's motion to strike these portions of Brooks-Ngwenya's documents will be denied, as the Court is capable of disregarding any non-responsive material when ruling on the motion for judgment on the pleadings.

To the extent that Brooks-Ngwenya is seeking leave to amend her complaint through her November 30th filings (DE 60; DE 61) or through her "Motion to Supplement Opposition to Defendants' 12f Motion to Strike/Exhibits in Support" (DE 73) filed on December 22, 2016, or her "Motion to Submit Separation of Documents (to be Filed with Item 72 and Item 73) in Opposition to Defendants' 12f Motion to Strike" (DE 75) filed on December 28, 2016, these motions are not in compliance with Local Rules 7-1 and 15-1. Local Rule 7-1 provides that "[m]otions must be filed separately . . . ." N.D. Ind. L.R. 7-1(a). Local Rule 15-1 states that "[m]otions to amend a pleading must include the original signed proposed amendment as an attachment." N.D. Ind. L.R. 15-1(a). Local Rule 15-1 further states that amendments to a pleading "must reproduce the entire pleading as amended" and "must not incorporate another pleading by reference." N.D. Ind. L.R. 15-1(b).

Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent, and thus, the Court will not accept attempts to supplement an earlier-filed complaint. Therefore, to the extent that Brooks-Ngwenya is seeking leave to amend her complaint through her filings in Docket Entries 60, 61, 73, or 75, the motions will be denied. If Brooks-Ngwenya desires to file an amended complaint, she must follow the Federal Rules of Civil Procedure (in particular, Rules 15 and 16) and the Local Rules of this Court (in particular, Rules 7-1 and 15-1) in seeking leave to do so.[1] *See generally Cady v. Sheahan*, 467 F.3d 1057,

---

[1] Contrary to Brooks-Ngwenya's assertion (DE 76 at 2), the Court has not heretofore granted her leave to amend her complaint. Rather, in its Notice and Order (DE 31) dated November 7, 2016, the Court explained that in response to Mind Trust's motion for judgment on the pleadings, Brooks-Ngwenya could state why the facts she had *already presented* to *the Court in her complaint* entitle her to relief under the law.

1061 (7th Cir. 2006) ("[E]ven pro se litigants must follow rules of civil procedure." (citation omitted))

Also in the motion to strike, Mind Trust asks that the Court strike Brooks-Ngwenya's "Amended Complaint for Damages" (DE 54) that she filed on November 21, 2016, without leave of Court. Mind Trust points out that it filed an answer to Brooks-Ngwenya's initial complaint on August 8, 2016 (DE 8), and thus, Brooks-Ngwenya was not entitled to file an amended complaint as a matter of course on November 21, 2016; nor did she have leave of Court or Mind Trust's consent to do so. That is true, but aside from failing to first file a motion seeking leave to amend, Brooks-Ngwenya's Amended Complaint for Damages complies with Local Rules 7-1 and 15-1, and she seemingly filed it in response to Mind Trust's motion for judgment on the pleadings.

Mind Trust further argues that allowing the Amended Complaint for Damages to stand "completely changes the substance of the case at hand by including counts for contributory/secondary copyright infringement, wrongful infliction of emotional distress, and breach of contract," and causes "an undue burden on the parties and unnecessarily hinder the discovery process." (DE 70 at 2). But it is still early in this case, as discovery commenced on October 27, 2016, and does not close until July 31, 2017. Furthermore, Brooks-Ngwenya's proposed Amended Complaint for Damages is timely, as her Rule 16(b) deadline for seeking leave to amend her pleadings is February 17, 2017. (DE 34; DE 62). Because the Court should "freely give leave [ to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court will refrain from striking Brooks-Ngwenya's Amended Complaint for Damages and instead grant her

leave to amend as to the Amended Complaint for Damages (DE 54), allowing the Amended Complaint for Damages to stand as the operative complaint.

In sum, Mind Trust's motion to strike (DE 70) is DENIED. To the extent that Brooks-Ngwenya is seeking leave to amend her complaint by her filings in Docket Entries 60, 61, 73, and 75, the motions are DENIED, and the Clerk is DIRECTED to terminate Docket Entries 60, 73, and 75. In that the Court is allowing Brooks-Ngwenya's Amended Complaint for Damages (DE 54) to stand as the operative complaint, the Clerk is DIRECTED to amend the case caption in accordance with the Amended Complaint for Damages.

SO ORDERED.

Entered this 6th day of January 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge