UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ANGELA BROOKS-NGWENYA, )
)
    Plaintiff, )
)
v. ) Cause No. 1:16-cv-193
)
BART PETERSONS' MIND TRUST, )
)
    Defendant. )

## **OPINION & ORDER**

This is one of many cases brought by Angela Brooks-Ngwenya, alleging infringement of her copyright on materials she developed for the Transitioning into Responsible Students (TIRS) educational program.[1] The target this time is Bart Petersons' [sic] Mind Trust which has moved to dismiss on grounds that the amended complaint does not state a plausible claim for relief. (DE 99.) Brooks-Ngwenya has filed two motions for judgment on the pleadings and a motion for a preliminary injunction. (*See* DE 91; DE 102; DE 107.) For the reasons below, the defendant's motion to dismiss is granted, and the plaintiff's motions are denied.

**Background**

The amended complaint makes a number of allegations about individuals and companies that have never been defendants in this matter, yet has very little to say

---

[1] The others are *Brooks-Ngwenya v. Nat'l Heritage Acads.*, No. 1:16-cv-183 (N.D. Ind. May 26, 2016); *Brooks-Ngwenya v. The Mind Trust*, No. 1:15-cv-1648 (S.D. Ind. Sept. 15, 2015); *Brooks-Ngwenya v. Indy. Pub. Schs.*, No. 1:13-cv-152 (S.D. Ind. Jan. 28, 2013); *Brooks-Ngwenya v. Indy. Pub. Schs.*, No. 1:07-cv-67 (S.D. Ind. Jan. 18, 2007); *Brooks-Ngwenya v. Thompson*, No. 1:05-cv-1469 (S.D. Ind. Oct. 3, 2005).

about the Mind Trust. (*See* DE 54.) The sole mention of the Mind Trust by name is the assertion that in "2006, Ex-Mayor Bart Peterson established the Mind Trust and is currently promoting TIRS to for-profit entrepreneurs." (DE 54 at 3.) Giving the amended complaint the most generous reading I can, it arguably alleges the following claims: (1) contributory/secondary infringement by the Mind Trust; (2) intentional or negligent infliction of emotional distress by Bart Peterson and the Mind Trust; and (3) breach of contract by Indianapolis Public Schools. (*Id.* at 1–4, 6.)

The Mind Trust has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 99.) To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks and citations omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). I must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, but I am not required to accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Because Brooks-Ngwenya is representing herself, I must construe her complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### *Contributory/Secondary Infringement*

To state a claim of contributory infringement, a complaint must allege that: (1) a third party infringed the plaintiff's registered copyright; (2) the defendant knew about that infringement; and (3) the defendant materially contributed to it. *Monotype Imaging,*

2

*Inc. v. Bitstream, Inc.*, 376 F. Supp. 2d 877, 883 (N.D. Ill. 2005). The amended complaint here alleges *none* of these elements. Brooks-Ngwenya alleges that Bart Peterson used her program to create his own educational program, which was then implemented at a charter school. (*See* DE 54 at 2.) But this falls far short of what's required to show infringement because there is no allegation that Peterson copied the plaintiff's text or used it to create derivative works. *See Janky v. Lake Cty. Convention & Visitors Bureau*, 576 F.3d 356, 361 (7th Cir. 2009) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991); *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151 (1975)). As the Seventh Circuit explained in a similar case brought by the plaintiff:

> Copyright protection does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work. It is not the idea that is protected, but rather the original expression of the idea.

*Brooks-Ngwenya v. Indy. Pub. Schs.*, 564 F.3d 804, 808 (7th Cir. 2009) (internal quotation marks and citations omitted); *accord See Pivot Point Intern., Inc. v. Charlene Prods., Inc.*, 372 F.3d 913, 929 (7th Cir. 2004) (stating that copyrights protect "the particularized expression of an idea").

Nor does Brooks-Ngwenya's claim in her response brief that Peterson "copied the language" of her educational program cure this shortcoming. (DE 101 at 2; *see also* DE 1-1; DE 1-3 (directing the court's attention to summaries that plaintiff believes show structural similarities between her and Peterson's programs).) To begin with, a complaint cannot be amended by a brief opposing a motion to dismiss. *Car Carriers, Inc.*

3

*v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Second, adding the words "copied the language" to the amended complaint would amount to adding a legal conclusion without supporting factual allegations of similarities between the TIRS text and any written materials Peterson wrote. The amended complaint must allege facts suggesting "that the two works share enough unique features to give rise to a breach of the duty not to copy another's work[,]" and it simply doesn't do that. *See Peters v. West*, 692 F.3d 629, 633 (7th Cir. 2012).

The amended complaint also fails to allege that the Mind Trust knew about or materially contributed to infringement by Peterson. (*See generally* DE 54 at 2–3.) Indeed, most if not all of Peterson's allegedly infringing conduct took place prior to the creation of the Mind Trust in 2006, so it's hard to see how the Mind Trust could have been involved.

For all of these reasons, the amended complaint does not state a plausible claim of contributory infringement, and Count One must be dismissed.

### *"Wrongful" Infliction of Emotional Distress*

I'm not entirely sure that Brooks-Ngwenya meant to allege this count against the Mind Trust. The claim incorporates by reference allegations against Bart Peterson and the National Heritage Academies, Inc., both non-parties, and further claims:

> That Plaintiff was denied employment in the promotion of [TIRS] and [the] Mayors Sponsored Charter Schools.
> . . .
> [And] [t]he act of ignoring Plaintiffs Copyrights for The Transitioning Into Responsible Students by Ex-Mayor Bart Peterson is conduct of wrongful

4

> harassment, was premeditated, intentional, negligent and reckless disregard to the Plaintiff's . . . rights, and has caused Plaintiff to undergo severe emotional distress.

(DE 54 ¶¶ 21–22.) The paragraphs that follow vaguely refer to "the defendant" and to the defendant's "conduct of excluding Plaintiff and not allowing her to participate in the promotion of her intellectual property" and "ignoring and continuing to utilize her intellectual property." (*Id.* ¶¶ 23–24.) These references strongly suggest that the "defendant" referred to in Count Two is not the Mind Trust, but Peterson, who, of course, is not a party.

But even if this claim could somehow be read to plead a claim against the Mind Trust, it has to be dismissed because it is, at best, a "threadbare recital[] of a cause of action's elements, supported by mere conclusory statements." *See Ashcroft v. Iqbal*, 556 U.S. at 663. The complaint barely alleges the *elements* of an intentional infliction of emotional distress claim—that the Mind Trust (1) engaged in extreme and outrageous conduct; (2) intentionally or reckless; (3) that caused; (4) severe emotional distress—let alone necessary supporting facts. *See Curry v. Whitaker*, 943 N.E.2d 354, 361 (Ind. Ct. App. 2011). The only hints of what the plaintiff thinks was "extreme and outrageous" conduct by the Mind Trust are the section headers announcing the plaintiff's contributory infringement and breach of contract claims, and that's just not enough to plead a claim. Further, even if the Mind Trust did contribute to infringement of the plaintiff's copyright or breach a contract with her, neither would amount to conduct "so outrageous in character, and so extreme in degree, as to go beyond all bounds of

5

decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Bradley v. Hall*, 720 N.E.2d 747, 753 (Ind. Ct. App. 1999).

Finally, to the extent that Brooks-Ngwenya intended Count Two to plead *negligent* infliction of emotional distress, it still must be dismissed because such a claim under Indiana law requires a "direct physical impact." *See Conder v. Wood,* 716 N.E.2d 432, 434 (Ind. 1999). Brooks-Ngwenya alleges psychological harms, including "a continuing fear of presenting future program initiatives," but no physical impact of any sort. (DE 54 at 5.)

For all of these reasons, Count Two must be dismissed.

### *Breach of Contract*

Count Three alleges that Indianapolis Public Schools breached a contract with the plaintiff and reiterates plaintiff's allegations about copyright infringement by Peterson. (DE 54 at 6.) No where in the amended complaint does Brooks-Ngwenya allege that she had a contract with the defendant, and it should go without saying that there can be no breach if there was no contract. Count Three must be dismissed.

## Conclusion

Accordingly, the Mind Trust's Motion to Dismiss (DE 99) is **GRANTED**, and the amended complaint is **DISMISSED WITHOUT PREJUDICE.** The plaintiff's motions for judgment on the pleadings (DE 91; DE 102), her related motion to strike (DE 111), and her motion for preliminary injunction (DE 107) are **DENIED** as moot. The plaintiff is **GRANTED** leave to file a second amended complaint that addresses the many

6

deficiencies identified above by **no later than June 19, 2017**, and is **CAUTIONED** that failure to do so will result in dismissal of this case with prejudice.

**SO ORDERED.**

ENTERED: May 22, 2017.

                                           s/ Philip P. Simon
                                           JUDGE, UNITED STATES DISTRICT COURT