**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| ANGELA BROOKS-NGWENYA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cv-193 |
| | ) | |
| THE MIND TRUST, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION & ORDER

Angela Brooks-Ngwenya brought filed this matter *pro se* against the Mind Trust, alleging contributory copyright infringement, wrongful infliction of emotional distress, and breach of contract. (DE 54.) I dismissed her prior complaint because it failed to make out any plausible claim for relief, but I granted Brooks-Ngwenya an opportunity to address the deficiencies in her claims against the defendant. (*See* DE 138.) She recently filed a series of documents, including three versions of a Second Amended Complaint and two motions to amend the case caption of the Second Amended Complaint (DE 140; DE 141; DE 142; DE 144; DE 145.) It's apparent that Brooks-Ngwenya intended the last-filed Second Amended Complaint to be the operative one, so I the prior-filed versions will be stricken, and her motions to amend the caption will be denied as moot.

The Second Amended Complaint alleges claims against the Mind Trust and thirteen new defendants. (*See* DE 145 at 1.)  However, the time for adding defendants to this matter expired on February 17, 2017. (DE 62 at 3.) While my May 22, 2017 order

dismissing the amended complaint granted the plaintiff leave to further amend her

complaint to try to cure the deficiencies in her claims against the Mind Trust, it did not

extend the time for adding new parties or otherwise grant the plaintiff leave to add

defendants at this late date. (*See* DE 138 at 6-7.)  Accordingly, the plaintiff's claims

against defendants other than the Mind Trust must be dismissed.

Which leaves the Second Amended Complaint's claims against the Mind Trust:

copyright infringement, wrongful infliction of emotional distress, and breach of

contract. Because Brooks-Ngwenya is proceeding *in forma pauperis*, I must analyze her

complaint and dismiss the action "at any time" if it is frivolous or malicious or fails to

state a claim on which relief may be granted—which is the case here. *See* 28 U.S.C.

§ 1915(e)(2)(B). I will construe the complaint liberally, since Brooks-Ngwenya is

proceeding without the benefit of counsel. *See Erickson v.  Pardus*, 551 U.S. 89, 94 (2007).

### *Count One: Copyright Infringement*

I previously dismissed Brooks-Ngwenya's contributory infringement claim

against the Mind Trust because, among other things, the amended complaint failed to

"allege facts suggesting that the two works share enough unique features to give rise to

a breach of the duty not to copy another's work[.]" (DE 138 at 4 (citing *Peters v. West*,

692 F.3d 629, 633 (7th Cir.  2012)) (internal quotation marks omitted).) Although the

Second Amended Complaint alleges direct infringement instead of contributory

infringement, the claim suffers from the same shortcoming as its predecessor.

"Fundamentally, proving the basic tort of infringement simply requires the plaintiff to

2

show that the defendant had an actual opportunity to copy the original . . . and that the two works share enough unique features to give rise to a breach of the duty not to copy another's work." *Peters*, 692 F.3d at 633. Brooks-Ngwenya alleges that the Mind Trust's CEO "used" materials that were themselves derived from the copyrighted materials to create additional materials and that the "Mind Trust Used the TIRS Educational Mode Language to create the New School Incubator Network Educational Model Language," but the plaintiff hasn't supported these legal conclusions with any facts. (*See* DE 145 ¶¶ 30, 33–35.) "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The Second Amended Complaint alleges no facts suggesting any similarities between her copyrighted materials and those the Mind Trust created or used, and so this claim must be dismissed.

### State Law Claims

That leaves the Second Amended Complaint's claims for "wrongful" infliction of emotional distress and breach of contract. In general, "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998); see also 28 U.S.C. § 1367(c). Courts recognize several exceptions to this general rule, including where the limitations statutes on the state claims have run, where the court has already invested substantial resources in deciding the state claims, and where it is "absolutely clear" how the state

claims should be decided. *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251–52 (1994).

Because this court invested substantial resources in deciding Brooks-Ngwenya's very

similar state law claims in the amended complaint (*see* DE 138 at 4-5) and because it is

clear how the repleaded state law claims must be decided, I will retain jurisdiction over

them.

### Count Two: "Wrongful" Infliction of Emotional Distress

Count Two suffers from the very same problems I identified when I dismissed

this claim as pleaded in the amended complaint. (*See* DE 138 at 4-5.) To allege a viable

claim of intentional infliction of emotional distress against the defendant, Brooks-

Ngwenya must allege that the Mind Trust (1) intentionally or recklessly (2) engaged in

extreme and outrageous conduct (3) that caused (4) severe emotional distress. *See Curry*

*v. Whitaker*, 943 N.E.2d 354, 361 (Ind. Ct. App. 2011). The only hint of what the plaintiff

thinks was "extreme and outrageous" conduct by the Mind Trust are her allegations

that the defendant and/or its CEO ignored her copyright, continued to use her

materials without permission, and "partnered with other entities to prevent Plaintiff

from piloting TIRS and future Projects." (DE 145 at 10.)  Even if the Mind Trust were

guilty of all this conduct, it wouldn't amount to conduct "so outrageous in character,

and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as

atrocious and utterly intolerable in a civilized community." *See Bradley v. Hall*, 720

N.E.2d 747, 753 (Ind. Ct. App. 1999).  In addition, and to the extent that the plaintiff

intended Count Two to plead a claim of *negligent* infliction of emotional distress, it still

4

must be dismissed because such a claim requires a "direct physical impact." *See Conder v. Wood*, 716 N.E.2d 432, 434 (Ind. 1999). Brooks-Ngwenya alleges psychological harms, including "extreme embarrassment, severe mental anguish, and emotional trauma" but no physical impact of any sort. (*See* DE 145 at 10-11.) For these reasons, Count Two of the Second Amended Complaint against the Mind Trust must be dismissed.

### Count Three: Breach of Contract

Count Three of the Second Amended Complaint appears to allege that the Indianapolis Public Schools breached a contract it had with the plaintiff. The Indianapolis Public Schools, however, is not a party in this matter, and no where in the Second Amended Complaint does Brooks-Ngwenya allege that she had a contract with the defendant. I advised the plaintiff in my order dismissing this claim as pleaded in her prior complaint that the Mind Trust could not have breached a contract, if there was no contract between the parties. (DE 145 at 11; *see also* DE 54 at 6.) But she hasn't heeded that advice, and so Count Three must be dismissed.

### Conclusion

Accordingly:

(1) the previously filed versions of the Second Amended Complaint (DE 140; DE 142) are **STRICKEN** as improvidently filed;

(2) Brooks-Ngwenya's motions to amend the case caption (DE 141; DE 144) are **DENIED** as moot;

(3) Brooks-Ngwenya's claims against defendants David Harris, Mayor

Sponsored Charter Schools, US Conference of Mayors, Education Cities, CEE-Trust, IPS

Great Schools Campaign, Earl Phalen Entrepreneurial Ventures in Ed., Indiana Parks

and Recreation, Chicago Housing Authority, IPSEF Inc., Democrats for Education

Reform, National League of Cities, and Indiana Department of Education are

**DISMISSED WITHOUT PREJUDICE**, and the Clerk of Court is **DIRECTED** to treat

these defendants as terminated; and

(4) the Second Amended Complaint (DE 145) against the Mind Trust is

**DISMISSED WITH PREJUDICE**, and the Clerk is **DIRECTED** to close this matter.

**SO ORDERED.**

ENTERED: June 8, 2017.

 s/ Philip P. Simon
JUDGE, UNITED STATES DISTRICT COURT